THE COMMERCIAL BANK OF ROCHESTER and THE ROCHESTER CITY BANK *vs.* SHUART and others.

G., being the holder of a promissory note for $4375.88, made by B. and P., and payable to his order, indorsed and delivered the same to S. to secure the latter against loss or liability as accommodation indorser for G. on notes and drafts to the amount of about $7000, a part of which were held by the plaintiffs, respectively. Subsequently and before maturity, S. sold and transferred the note to L. P., a *bona fide* purchaser, at a discount of $200, and the proceeds were appropriated by S. to his own private use, and were not applied to the payment of obligations on which he was liable as indorser for G. L. P. made a formal transfer of the note to M., but such transfer was not an absolute one, and M. held the nominal title of said note merely for the accommodation and benefit of L. P. In an action brought by the plaintiffs, to have the note, in the hands of M., applied to the payment of the plaintiffs' debts against G., according to the purpose for which it was put into S.'s hands; *it was held* that there was no principle upon which the plaintiffs could sustain the action.

That it was entirely competent for S. to convert the B. and P. note into money, by selling and transferring it to L. P. And that after he had sold it and received the money therefor, neither L. P. nor any person to whom he might have transferred it, was responsible for the manner in which S. appropriated the proceeds of the sale.

That whether the sale and transfer of the note to M, was absolute, or merely formal, was not material; that in either case the note was beyond the reach of the creditors of G.; provided the purchase by L. P. was in good faith. And that if it was made with any fraudulent or unlawful intent, it was incumbent upon the plaintiffs to prove it.

Where an action is tried without any question being raised as to whether the facts proved are within the pleadings, it is too late, after the decision, to raise an objection that the evidence was not warranted by the pleadings; provided it was otherwise competent.

APPEAL from a judgment entered on the report of a referee, by which the complaint was ordered to be dismissed, without costs.

*Geo. F. Danforth*, for the appellants.

*Thos. H. Montgomery*, for the respondents.

*By the Court*, WELLES, J. This action was brought to reach a certain note made by Brayley and Pitts, dated in

February, 1862, payable to the order of Alexander Gordon, for the sum of $4375.88, in two years from date, which was indorsed and delivered by Gordon to the defendant Shuart, as the complaint alleges, to secure the latter against all loss or liability as accommodation indorser for the former upon notes and drafts to the amount of about $7000, of which the plaintiff, The Commercial Bank of Rochester held $1000, the plaintiff The Rochester City Bank $800, and the defendant Powers $1000 ; the complaint alleging that said note had in some way come into the hands of the defendants Miller, Noah H. Perrin and Powers, and averring that the last mentioned defendants have no right to the same and no interest therein, and that neither of them has any interest therein, except the defendant Powers, who, as such creditor of Gordon, has an interest in common with the plaintiffs and others who hold the balance of the paper of Gordon indorsed by Shuart as aforesaid ; and praying, in behalf of the plaintiffs and the holders of said balance, that a receiver be appointed to take charge of the Brayley and Pitts note and collect or dispose of the same, and distribute the proceeds among the plaintiffs, the said Powers, and to any other person or persons who may hold said paper indorsed by said Shuart as aforesaid.

It is a well settled general principle of equity jurisprudence, that where a person, standing in the situation of indorser or surety, is furnished or provided by the principal debtor with a fund or collateral security for the purpose of indemnity against such liability, the creditor is entitled to have such fund or collaterals applied in satisfaction of the debt. (*Pratt* v. *Adams,* 7 *Paige,* 627, *and authorities there cited.*) The action is brought upon the theory of this principle.

The facts found by the referee must be assumed as true, inasmuch as the case contains none of the evidence, except the testimony of the defendant Miller and of Lewis Perrin, both of whom testified that the Brayley and Pitts note was the sole property of Miller. That the latter purchased the same of said Lewis Perrin on the 11th day of November,

1862, for the sum of $4314.88, $2324.88 of which he then paid in a check on the Union Bank, and the balance, $2000, by his negotiable note, which Miller testified he afterwards paid. It can not be contended that this evidence, if believed, would benefit the plaintiffs.

The referee finds that on the 8th day of February, 1862, Gordon indorsed and transferred the Brayley and Pitts note to Shuart, to enable the latter to protect himself against his liabilities on the obligations held by the plaintiffs, and other similar obligations upon which he was liable for said Gordon, which liability, as between Shuart and Gordon, was incurred for the accommodation of the latter. That on or about the 10th day of April, 1862, Shuart sold and transferred the note in question to Lewis Perrin, at a discount of $200, and that the proceeds of said note, less such discount, were paid to Shuart by said Lewis Perrin. That such sale and purchase was an actual one, and that said Lewis Perrin thereby became the absolute owner of said note. That afterwards, and on or about the 25th day of April, 1862, Shuart appropriated the proceeds of the note to his own private use, and did not apply any part of such proceeds to the payment of obligations upon which he was liable as indorser for Gordon. That on the 12th day of November, 1862, Lewis Perrin made a formal transfer of said note to Miller, but which transfer was not an absolute one, and that said Miller held the nominal title of said note merely for the accommodation and benefit of said Lewis Perrin. Upon these facts we do not perceive any principle upon which the plaintiffs can sustain the action. It was entirely competent for Shuart to convert the Brayley and Pitts note into money by selling and transferring it to Lewis Perrin. After he had so sold it and received the money therefor, neither Lewis Perrin nor any person to whom he may have transferred it was responsible for the way or manner of the appropriation by Shuart of the proceeds of the sale. It is not perceived how it is material whether the sale and transfer to Miller was abso-

lute or merely formal. In either case the note is beyond
the reach of the creditors of Gordon, provided the purchase
by Lewis Perrin was in good faith. If it was made with any
fraudulent or unlawful intent, it was incumbent upon the
plaintiffs to prove it. But on that subject the case does not
show what the evidence was. It does state, however, that
evidence was given tending to show that such purchase was
made by Perrin of Shuart before the maturity of the note,
and without notice or suspicion of any facts or circumstances
affecting the title thereof, or Shuart's right to sell and trans-
fer the same ; and the referee has found, as before stated, that
such sale and transfer was an actual one, and that said Lewis
Perrin thereby became the absolute owner of the note. The
fact that he afterwards made a formal transfer of the note to
Miller, which was not an absolute one, and that Miller held
the nominal title merely, for the accommodation and benefit
of Lewis Perrin, as found by the referee, can, as it seems to
me, make no difference in the result. It only shows that
Perrin, and not Miller, is the real absolute owner of the note.
Nothing appears in the case or the report of the referee show-
ing that either Lewis Perrin or the defendant Miller ever
received or held the note as agent or trustee of Shuart or of
any creditor of Gordon, or that either of them knew, or are
chargeable with knowledge of the purpose or object with
which Gordon transferred the note to Shuart, or with which
the latter received it from the former. And if they had full
knowledge of those facts, it would not tend to invalidate their
title to the note, as it was clearly competent for Shuart to sell
the note, in order to carry out the object for which it was
placed in his hands.

It does not appear that any objection was made at the
trial to any evidence offered by either party ; which is a suf-
ficient answer to most of the points raised upon the argument
of the appeal, and particularly to the evidence showing title
to the note in Lewis Perrin and the formal transfer thereof
to Miller. If the plaintiffs had in due time objected to such

evidence, it was competent for the referee, in his discretion, to allow Miller to withdraw the second defense set up in his answer, and to allow him, instead thereof, to set up in an amended answer the title of Lewis Perrin. It does not necessarily follow that he knew the facts set up in his second defense were untrue ; *non constat* but he was taken by surprise by the evidence given, which satisfied the referee that the transfer of the note to him by Lewis Perrin was only formal, and not absolute. But the case seems to have been tried without reference to any question whether the facts proved were within the pleadings. When that is so, it is too late after the decision, to raise an objection that the evidence was not warranted by the pleadings, provided it was otherwise competent. Nothing appears in the case to implicate either of the defendants Noah H. Perrin or Daniel W. Powers.

For the foregoing reasons we think the judgment should be affirmed, with costs of the appeal.

Judgment affirmed.